Ronita Faith BELL *v.* STATE of Arkansas

97-1004                                                     970 S.W.2d 806

Supreme Court of Arkansas
Opinion delivered July 2, 1998

*Steve Kirk*, for appellant.

No response.

PER CURIAM. The facts of this matter, which concern the late filing of appellant's brief by counsel, Steve Kirk, are set out in our *per curiam* opinion issued on March 26, 1998. *See Bell v. State*, 332 Ark. 432, 961 S.W.2d 36 (1998) (per curiam). We stated in that opinion that appellant's counsel had asked for a final extension for filing his brief, been granted a final extension, and then missed the extension deadline, which was February 27, 1998. We ordered Mr. Kirk to appear before this court on April 9, 1998, to show cause why he should not be held in contempt of court due to the late filing.

At his appearance before this court on April 9, 1998, Mr. Kirk pled not guilty to contempt, and we appointed the Hon. Jack Lessenberry as master to make findings of fact and file them with this court. *See Bell v. State*, 332 Ark. 613, 962 S.W.2d 814 (1998) (per curiam). On May 26, 1998, the master filed his Report and Findings of Fact, the salient findings being:

> The Clerk of the Supreme Court, by a letter dated January 15, 1998, informed Mr. Kirk of the ruling. The inside address of the letter was identical to the address used by Kirk in his motion.
>
> At the hearing Kirk introduced an envelope of the Clerk addressed to Kirk bearing the case number of Ms. Bell and post-marked January 15, 1998. The address on the envelope was 701 Fifth Avenue, Suite 5000, Seattle, WA 98104-7078. Handwritten on the envelope was the message:
> "Please have this address corrected — We are receiving a fair number of pieces of your mail."
> This envelope was received in evidence as Exhibit 2.
>
> Mr. Kirk identified Exhibit 1 as the envelope in which Exhibit 2 was found. That envelope was postmarked January 21, 1998. Mr. Kirk did not testify to the date he received the exhibits. Perhaps it was not believed to be remarkable at that time.
>
> By assuming that the letter from Washington took as much time as the Clerk's letter to reach the Seattle law firm, Mr. Kirk may have received the Clerk's letter on January 27, 1998.
>
> The appeal record was supplemented on February 13, 1998.
>
> It may be worthwhile to note that Michael L. Allison, Kirk's co-counsel, was copied by the Clerk. However, in view of the exhibits this is not taken as proof that the letter to Mr. Allison was properly addressed or that Mr. Allison received the letter.
>
> In short, the defense of Mr. Kirk was the fact that he was not timely made aware that the Supreme Court had ordered on January 15 that no additional extensions would be considered.

Mr. Kirk filed an Objection to the master's Report and Findings of Fact on June 15, 1998, in which he said that he never received the letter from the Supreme Court Clerk stating that a final deadline had been set for his brief. He said in his Objection that he received only the opened envelope from the Washington State law

firm. He also said that when he called the Supreme Court Clerk's office for the deadline for his brief, he was not told that it was a final deadline.

In short, Mr. Kirk's defense is that he never received the Clerk's letter and was not advised orally that the deadline for his brief was final.

■ The facts, as developed by the master, concerning notice of a final extension are indefinite and not clear-cut. We hold, accordingly, that Mr. Kirk is not in contempt of court, and we dismiss the matter.